UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Jeffrey Shopek., | Case No. 24-cv-4118 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, Gina Filigenzi, Paul Cameron, & Destiny Xiong, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 34) filed in connection with Defendant City of Minneapolis's (the "City") Motion to Dismiss (ECF No. 17). The City filed eight supporting exhibits under seal ("Exhibits") (ECF No. 21 to 21-7), along with a statement indicating that redacting the sealed exhibits was impracticable (ECF No. 22). The parties agree that the Exhibits should remain sealed because they contain information regarding Plaintiff that is personal, private, confidential and is not public under the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. Ch. 13. (ECF No. 34 at 1.)

**I.      Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105

F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II.     Analysis**

Because the Exhibits at issue are connected to a dispositive motion, they are likely to play a role in District Judge Provinzino's decision on the motion. The Exhibits thus likely implicate the exercise of Article III power and are of value to those monitoring the federal courts, such that the presumption for public access may be overcome only if the parties provide a compelling reason to keep them sealed. *Flynt*, 885 F.3d at 511. Furthermore, whether the information at issue is deemed private under the MGDPA does not necessarily determine whether it should be permanently sealed in this litigation. *See* Minn. Stat. § 13.43, subd. 4 (stating that private personnel data may be released "pursuant to a court order"); *see also, e.g., Kasso v. City of Minneapolis*, 2024 WL 4635316, at *2 ("such a statutory classification does not automatically merit an order

2

sealing judicial proceedings") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006)). The MGDPA is a statute that governs the City's obligations with respect to disclosing information absent a court order to the contrary; it does not address the public's interest in open access to the courts.

Nevertheless, having reviewed the Exhibits, the Court finds that each contains sensitive or personal information, including health details about Plaintiff, such that—at least at the present time—Plaintiff has a legitimate interest in maintaining confidentiality that outweighs any public interest in unsealing the Exhibits. *See, e.g., Skky, LLC v. Facebook, Inc.,* 191 F. Supp.3d 977, 981 (D. Minn. 2016) (noting that sensitive personal health information, including health information, is appropriately kept under seal). The Court thus grants the parties' request to keep the Exhibits under seal. The Court cautions the parties that this determination may not be the last word on sealing the documents at issue, however. In deciding the underlying motion or during a trial in this matter, Judge Provinzino might conclude that all or part of the information sealed pursuant to this Order is of such significance that the public's interest outweighs the parties' interests in confidentiality and the information should be unsealed. This decision is not intended to bind or limit any such future determination in any way.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 34) is **GRANTED**:

1. The Clerk of Court is directed to keep under seal the documents filed at ECF Nos. 21, 21-1, 22-2, 22-3, 22-4, 22-5, 22-6, and 22-7.

Dated:  April 15, 2025                               *s/ Dulce J. Foster*
                                                      DULCE J. FOSTER
                                                     United States Magistrate Judge